IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: Sheila Manwaring | ) | CHAPTER 7 |
| Robert Manwaring | ) | CASE NUMBER: 19-BK-27199 |
| . | ) | JUDGE: Hon A. Benjamin Goldgar |
| Debtors | ) | TRUSTEE: John Gierum |

## NOTICE OF MOTION

**Served upon the following parties electronically:**
**Office of the United States Trustee**, Dirksen Federal Building, 219 S Dearborn, St., Room 873, Chicago, IL 60604
**Trustee**: John Gierum
**And served upon the following parties via U.S. Mail:**
Debtors: Sheila Manwaring; Robert Manwaring: 111 Brookhill Rd., Libertyville IL 60048
    **See Attached Service List**

Please take notice that on October 11th, 2019 at 11:45 p.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, in **the Park City Branch Court, Courtroom B, 301 S Greenleaf Ave, Park City, Illinois** or before any other Bankruptcy Judge who may be sitting in his place and stead, and shall then and there present the attached **MOTION TO AUTHORIZE SHEILA MANWARING TO BE APPOINTED NEXT FRIEND AND FILE BANKRUPTCY ON BEHALF OF INCOMPETENT SPOUSE; TO GRANT WAIVERS FOR CREDIT COUNSELING AND FINANCIAL MANAGEMENT; AND WAIVER FOR APPEARANCE AT 341 HEARING.** a copy of which is attached hereto and is herewith served upon you, and shall request the Court for entry of an Order in compliance therewith, at which time you may appear if you so desire.

Certificate of Service

The undersigned, an attorney, hereby certifies that I served a copy of this Notice along with the attached **MOTION TO AUTHORIZE SHEILA MANWARING TO BE APPOINTED NEXT FRIEND AND FILE BANKRUPTCY ON BEHALF OF INCOMPETENT SPOUSE; TO GRANT WAIVERS FOR CREDIT COUNSELING AND FINANCIAL MANAGEMENT; AND WAIVER FOR APPEARANCE AT 341 HEARING** upon the parties listed above, by causing same to mailed at the Libertyville United States Post Office, in a properly addressed envelope, postage prepaid, this 1st day of October, 2019 before the hour or 4:00 PM.

/s/ Stephen S Newland

Stephen S Newland # 06207458
Attorney for Debtor
1512 Artaius Parkway #300
Libertyville IL 60048
Tel. 847-549-0000
steve@newlandlaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>Case 19-27199<br>Northern District of Illinois<br>Eastern Division | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | Amex/Bankruptcy<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso, TX 79998-1540 |
| Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Citi/Sears<br>Citibank/Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 | Citibank<br>Attn: Recovery/Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 |
| Heavner, Scott, Beyers, Mihlar. LLC<br>PO Box 740<br>Decatur, IL 62525-0740 | Shellpoint Mortgage Servicing<br>Attn: Bankruptcy<br>Po Box 10826<br>Greenville, SC 29603-0826 | Specialized Loan Servicing/SLS<br>Attn: Bankruptcy Dept<br>8742 Lucent Blvd #300<br>Highlands Ranch, CO 80129-2386 |
| Synchrony Bank/Sams Club<br>Attn: Bankruptcy Dept<br>Po Box 965060<br>Orlando, FL 32896-5060 | John E Gierum<br>John E Gierum<br>Gierum & Mantas<br>2700 S. River Road<br>Suite 308<br>Des Plaines, IL 60018-4117 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 |
| Robert T. Manwaring<br>111 Brookhill road<br>Libertyville, IL 60048-1015 | Sheila M. Manwaring<br>111 Brookhill road<br>Libertyville, IL 60048-1015 | Stephen S Newland<br>Newland & Newland, LLP<br>1512 Artaius Pkwy<br>Suite 300<br>Libertyville, IL 60048-5231 |

End of Label Matrix
Mailable recipients    14
Bypassed recipients     0
Total                  14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  Sheila Manwaring | ) | Case No. 19-27199 |
| Robert Manwaring | ) | Chapter 7 |
| Debtors | ) | Hon. A Benjamin Goldgar |
| | ) | Trustee: John Gierum |

**MOTION TO AUTHORIZE SHEILA MANWARING TO BE APPOINTED NEXT FRIEND AND FILE BANKRUPTCY ON BEHALF OF INCOMPETENT SPOUSE; TO GRANT WAIVERS FOR CREDIT COUNSELING AND FINANCIAL MANAGEMENT; AND WAIVER FOR APPEARANCE AT 341 HEARING.**

Now comes Sheila Manwaring (MOVANT), by and through her attorney, Stephen S Newland, and hereby moves to be appointed next friend on behalf of spouse, Robert Manwaring, a mentally incompetent adult, for purposes of signing joint petition; seeking waivers for appearing at §341 hearing, credit counseling and financial management classes, pursuant to 11 U.S.C. §§109(a), 109(h); and Federal Bankruptcy Rule of Procedure 1004.1.

1. On September 24, 2019 Debtors Sheila and Robert Manwaring jointly filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy court for the Northern District of Illinois, Eastern Division.

2. Sheila Manwaring, Debtor 1, through a power of attorney for property executed by her husband, Robert, an incompetent adult, signed the petition and all documents for herself and for her husband as attorney-in-fact.

3. A letter is attached as Exhibit A, dated May 20,2019 issued by Dr. C Forchetti, MD of Amita Health stating the present mental incapacity of Robert Manwaring.

"Mr. Manwaring presently has a progressive neurodegenerative disease. Due to the severity of his cognitive impairment, it is our professional opinion that he is not competent to make informed decisions for himself related to medical or financial matters."

4. On June 23, 2015 while still of sound mind, Robert Manwaring executed a witnessed and valid Power of Attorney for property. This Power of Attorney grants broad powers

regarding Principal's estate and property transactions including (1)(d) Tangible personal property transactions; (1)(j) claims and litigation; and (1))(o) All other property transactions. Attached as Exhibit B is a copy of the Power of Attorney for property executed by Robert Manwaring, (Principal).

5. As evidence of his continuing deterioration, he was able to sign his name to the Power Of Attorney on June 23, 2015, but is no longer able to do so as evidenced in his current Illinois State Identification Card (Attached as Exhibit C) where the Secretary of State has certified him as "unable to sign" and issued the state ID without signature.

6. Rule 1004.1 of the Federal Bankruptcy Rules of Procedure governs the requirements for filing a petition for an incompetent person: "...An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem..." While no guardianship or other representative status has been granted, Debtor can petition the court for designation as "next friend" or be assigned as guardian ad litem by the COURT if it so decides.

7. Fed.R.Civ.P. 17(c)(2) " A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." In considering Guardian ad litem or Next Friend assignment, "the terms are essentially interchangeable, but "next friend" is normally used when the child [or an incompetent person] is the plaintiff, and "guardian ad litem" when the child [or incompetent person] is the defendant." Cf. *T.W. v. Brophy,* 124 F.3d 893 (7th Cir.1997); (also *Eiges v. Commissioner, supra* at 66-67.) Next Friend appointment would be "another appropriate order," particularly as it is envisioned in Rule 1004.1.

8. Next Friend has been used for husband and wife when deemed appropriate. Citing Fed.R.Civ.P. 17(c)(2) as it's basis, a Federal Tax court determined that, after a motion for Guardian ad Litem status was filed, a better result would be to designate the wife of her medically unresponsive husband as Next Friend in a joint proceeding:

> Moreover, as Mr. Campos's spouse and de facto representative, Mrs. Campos has a sufficiently close relationship with Mr. Campos to justify her recognition as next friend. Finally, although we recognize that conflicts of interest may

arise between spouses filing joint returns (see, e.g., sec. 6015), we are persuaded on this record that Mrs. Campos will represent the best interests of Mr. Campos in this proceeding. *Campos v Commissioner* 86 T.C.M. 7 (2003), United States Tax Court.

9. Sheila Manwaring, after 59 years of marriage, and several years of managing household affairs and dedicated care giving, is a de facto representative, though no formal representation has been conferred. In that the couple currently, jointly, face an existential financial threat, she alone stands as the best voice to petition for protection for both their interests.

10. 11 U.S.C. §109(h)(1) defines a debtor as one who has completed an approved credit counseling education course.

11. 11 U.S.C. §109 allows for an exclusion of this requirement:

> The requirements of paragraph (1) shall not apply with respect to a <u>debtor</u> whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, <u>disability</u>, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the <u>debtor</u> is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; . . .11 U.S.C. §109(h)(4)

12. 11 U.S.C. §727 stipulates that a discharge will be denied if

> ...after filing the <u>petition</u>, the <u>debtor</u> failed to complete an instructional course concerning personal financial management described in section 111, ***except that this paragraph shall not apply with respect to a <u>debtor</u> who is a person described in <u>section 109(h)(4)</u>...*** 11 U.S.C. §727(a)(11)

13. Robert Manwaring's mental condition, as attested in documents attached, demonstrates that he is "a person described in section 109(h)(4)" and not subject to the requirements for pre-filing credit counseling and pre-discharge financial management courses.

14. Neither the Bankruptcy Code nor Rules provide for waiver of attendance at the §341 hearing, therefore, this matter is also subject to ruling of this COURT.

15. While Robert Manwaring is physically capable of attending the hearing, he would be functionally incompetent and unable to understand any questions presented to him addressing issues related to his finances or the bankruptcy case filed in his name.

16. Sheila Manwaring, spouse and joint debtor in this case, further declares that they are in need of a joint bankruptcy as they have jointly accrued consumer debt in the amount of $34,403. The oldest account on Schedule F is from 1978 and the newest from 2011.

17. Further, Debtors are in late stage active foreclosure regarding their residence at 111 Brookhill Road, Libertyville IL. Sheriff's sale occurred on August 8, 2019 and an Order Approving Sale hearing is scheduled for Oct 31, 2019. The judgement of foreclosure identifies mortgage liabilities for both debtors of $377,792.56 and debtors will be subject to a personal deficiency judgment of $63,392.58 upon entry of the Order Affirming Sale. (See attached Exhibit D).

18. There is no specific personal advantage to Sheila Manwaring in filing as Next-Friend for her husband as she could file independently for relief. But such relief is only available to Robert Manwaring through a Next Friend or GAL filing. There is no fee paid to Sheila Manwaring as Next Friend filer and she receives no personal benefits other than those granted by a bankruptcy discharge.

19. Movant has been managing all household financial affairs in the years that Robert's mental condition has deteriorated and has full grasp of all joint financial issues. She actively engaged in the preparation of the petition, produced all documents and is fully informed concerning the process, impact and responsibilities of their joint bankruptcy filing.

20. The movant has no criminal, fraud or other background that would inhibit appointment as Next Friend.

21. Movant has executed an Affidavit in support of this motion, attached as Exhibit E.

22. Given the facts listed herein and the circumstances of this case, Sheila Manwaring is a de facto representative in the case, and certainly the person best and most able to speak to the household financial issues necessary to participate in this proceeding and protect Mr. Manwaring's interests where is he unable to pursue such interests on his own behalf.

WHEREFORE, the Debtor prays that this Court grant Movant's motion and issue an order
1) Appointing Sheila Manwaring as Next Friend on behalf of an incompetent spouse for purposes of signing and filing a joint bankruptcy petition;

2) Granting a waiver for Robert Manwaring requiring completion of the pre-filing Credit Counseling and pre-discharge Financial Management courses;

3) Granting a waiver for Robert Manwaring requiring appearance at the §341 hearing; and

4) Any other relief deemed appropriate by the court.

Respectfully submitted,
/s/ Stephen S. Newland


Stephen S Newland #06207458
Attorney for Debtors
Newland and Newland, LLP
1512 Artaius Parkway #300
Libertyville IL 60048
Tel 847-549-0000
bk7@newlandlaw.com